1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7

ERNEST F.,

                              Plaintiff,

8

        v.

9

COMMISSIONER OF SOCIAL
SECURITY,

10

                              Defendant.

Case No. 2:19-cv-01568

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12

        Plaintiff has brought this matter for judicial review of Defendant's denial of his

13

application for supplemental security income ("SSI") benefits.

14

        The parties have consented to have this matter heard by the undersigned

15

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16

MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

17

and the ALJ's decision is reversed and remanded for further proceedings.

18

I.      ISSUES FOR REVIEW

19

    1.  Did the ALJ err at step two of the sequential evaluation?
    2.  Did the ALJ properly assess the medical opinion evidence?

20

II.      BACKGROUND

21
22

        On October 12, 2012 and October 15, 2012, Plaintiff filed applications for

23

supplemental security income and disability insurance benefits respectively, alleging in

24

both applications a disability onset date of April 11, 2012. AR 108. Plaintiff's applications

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

1    were denied upon initial administrative review and on reconsideration. *Id.* A hearing was

2    held before Administrative Law Judge ("ALJ") Ruperta Alexis on March 25, 2014. AR

3    30-68. On July 22, 2014, ALJ Alexis issued a decision finding that Plaintiff was not

4    disabled. AR 105-19. On February 11, 2016, the Social Security Appeals Council

5    denied Plaintiff's request for review. AR 126.

6          On October 21, 2016, Plaintiff filed a new application for SSI, this time alleging a

7    disability onset date of January 1, 2008. AR 15, 233-41, 242-47. Plaintiff's application

8    was denied initially and upon reconsideration. AR 15, 156-64, 168-74. A hearing was

9    held before ALJ Stephanie Martz on July 10, 2018. AR 69-104. On October 1, 2018,

10   ALJ Martz issued a decision finding that Plaintiff was not disabled. AR 12-24. On July

11   26, 2019, the Appeals Council denied Plaintiff's request for review. AR 1-6.

12         Plaintiff seeks judicial review of the ALJ's October 1, 2018 decision. Dkt. 4.

13                 III.    <u>STANDARD OF REVIEW</u>

14         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

15   denial of social security benefits if the ALJ's findings are based on legal error or not

16   supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

17   F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

18   reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

19   *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

20                 IV.    <u>DISCUSSION</u>

21         In this case, the ALJ found that Plaintiff had the severe, medically determinable

22   impairments of affective disorder, personality disorder, post-traumatic stress disorder

23   ("PTSD"), and substance use disorder. AR 18. The ALJ also found that Plaintiff had the

24

25

non-severe impairments of pancreatitis, vision problems and retinopathy, Bell's palsy, and diabetes. AR 18-19.

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform work at all exertional levels with a range of non-exertional limitations. AR 20-21. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform his past work; therefore, the ALJ determined at step four that Plaintiff was not disabled. AR 24, 63-64.

A. <u>Whether the ALJ erred at step two of the sequential evaluation</u>

Plaintiff contends that the ALJ erred at step two of the sequential evaluation by finding that his diabetes was a non-severe impairment. Dkt. 12, pp. 2-6.

At step two of the sequential evaluation process, the ALJ determines whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 416.920(a)(4)(ii).

The Ninth Circuit has emphasized that step two is merely a threshold determination meant to screen out weak claims, and in assessing the residual functional capacity ("RFC"), an ALJ must consider limitations and restrictions imposed by all an individual's impairments, even those that are not 'severe', and that an RFC should be precisely the same regardless of whether certain impairments were found severe at step two of the sequential evaluation. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (citing Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996)).

1    In assessing Plaintiff's diabetes, the ALJ found that while Plaintiff exhibited some

2    loss of sensory functioning in April 2017, he retained full strength, and exhibited a

3    normal gait and intact balance. AR 19, 611. The ALJ also cited a normal December

4    2017 exam of Plaintiff's foot, and noted that Plaintiff had never been treated for diabetes

5    related neuropathy. AR 19, 1089. The ALJ found that Plaintiff's diabetes was non-

6    severe, and did not include any physical limitations in Plaintiff's RFC. AR 18-21.

7    The fact that an impairment is medically determinable does not necessarily mean

8    that it will impose work-related functional limitations. When assessing the RFC, the ALJ

9    need not perform a function-by-function analysis "for medical conditions or impairments

10   that the ALJ found neither credible nor supported by the record" and is only required to

11   incorporate those limitations "for which there was record support that did not depend on

12   [the claimant's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th

13   Cir. 2005); SSR 96-8p.

14   The record contains conflicting information concerning the nature and extent of

15   Plaintiff's diabetes symptoms. Plaintiff has reported various symptoms possibly

16   stemming from his diabetes, including excessive urination, blurred vision, and foot

17   numbness. AR 405, 408, 769. When asked about his diabetes symptoms during the

18   hearing, Plaintiff stated that "I just don't feel like moving." AR 85.

19   The December 2017 foot exam cited by the ALJ indicates that Plaintiff was

20   diagnosed with diabetic polyneuropathy, which is treated with Gabapentin. AR 1089.

21   Yet evidence from the same period indicates that Plaintiff's diabetes was well-

22   controlled with medication adherence and proper diet. AR 790. Further, Gary Gaffield,

23   D.O., the only physician who examined Plaintiff, diagnosed Plaintiff with diabetic

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

neuropathy, but did not assess any functional limitations related to his diabetes beyond a need for access to a clean restroom so he could monitor his glucose levels. AR 612-613. The ALJ assigned "great weight" to Dr. Gaffield's opinion, an assessment Plaintiff does not challenge. AR 23.

The ALJ's interpretation of the record, in which Plaintiff's diabetes does not impose any limitations, is supported by the documentation in the record, indicating that Plaintiff's diabetes symptoms are managed with medication and proper diet, and do not impose any specific functional limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld) (internal citation omitted).

Plaintiff does not allege any specific functional limitations stemming from his diabetes, and the ALJ did not err in assessing the diabetes-relevant portions of the RFC. Dkt. 12, p. 5; *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (rejecting an invitation to find that the ALJ failed to account for a claimant's injuries "in some unspecified way" when the claimant did not detail what other limitations flow from the evidence of his injuries, beyond the limitations already listed in the RFC).

B.  Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff maintains that the ALJ erred in evaluating a medical opinion from examining psychologist James Czysz, Ph.D. Dkt. 12, pp. 6-13.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1   1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

2   849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

3   contradicted, the opinion can be rejected "for specific and legitimate reasons that are

4   supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing

5   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

6   499, 502 (9th Cir. 1983)).

7        Dr. Czysz examined Plaintiff for the Washington State Department of Social and

8   Health Services ("DSHS") on September 21, 2016. AR 338-42. Dr. Czysz's evaluation

9   consisted of a clinical interview, a mental status examination, and a review of the

10  available evidence. Based on this evaluation, Dr. Czysz opined that Plaintiff would have

11  a range of moderate and marked mental limitations, and that Plaintiff's overall degree of

12  limitation would be marked. AR 340.

13       The ALJ assigned "little weight" to the marked limitations assessed by Dr. Czysz,

14  reasoning that they were inconsistent with: (1) the results of Dr. Czysz's examination;

15  (2) the medical record; and (3) Plaintiff's self-reported activities of daily living. AR 23-24.

16       With respect to the ALJ's first reason, an internal inconsistency can serve as a

17  specific and legitimate reason for discounting a physician's opinion. *See Morgan v.*

18  *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v.*

19  *Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of an internally

20  inconsistent medical opinion).

21       Here, the ALJ found that while Plaintiff exhibited a subdued affect and some

22  concentration difficulties, the marked limitations assessed by Dr. Czysz were otherwise

23  inconsistent with the essentially normal results of his mental status examination. AR 23-

24

25

1   24.  The ALJ's conclusion is not supported by substantial evidence. Dr. Czysz's mental

2   status examination revealed that while Plaintiff was able to perform a Serial Sevens test

3   successfully, he was he "quite slow" on this task, and "would likely not be able to

4   perform tasks at the same speed as his peers, nor would he likely be able to  maintain

5   concentration over the course of a full work day." AR 342. As such, Dr. Czysz's findings

6   are consistent with the marked limitations he assessed with respect to concentration

7   and maintaining pace. AR 340.

8          As for the ALJ's second reason, a finding that a physician's opinion is

9   inconsistent with the medical record may serve as a specific and legitimate reason for

10  discounting that opinion. *See* 20 C.F.R. § 416.927(c)(4) ("Generally, the more

11  consistent a medical opinion is with the record as a whole, the more weight [the Social

12  Security Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d

13  1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that

14  conflict with treatment notes). Here, the ALJ found that the marked limitations assessed

15  by Dr. Czysz were inconsistent with treatment records showing intact social functioning

16  and no behavioral abnormalities that would prevent Plaintiff from working on a regular

17  basis. AR 23.

18         In support of this finding, the ALJ cites observations made by treatment providers

19  at two office visits – the first was in September 2015 (AR 620, report from Caress

20  Ushry, MA, case manager) and the second was in January, 2017 (AR 583, clinical

21  progress notes by Dr. David Rowlett, MD, AR 583). AR 23. The first visit is described as

22  a "CPC Crisis Plan"; Plaintiff did not exhibit mental health difficulties. AR 620. But, the

23  report from Plaintiff's January 2017 evaluation by Dr. Rowlett – described as a progress

24

25

1   note for medical service, including clinical assessment and medication instructions --

2   states that Plaintiff exhibited impairments in intellectual functioning, insight, remote

3   memory, judgment/reasoning, and fund of knowledge. AR 583.

4           As such, the ALJ's conclusion is supported exclusively by the results of a 2015

5   report prepared by a provider as part of a crisis plan – the report was not prepared by a

6   medical doctor and it does not appear to be based on a medical examination; this is a

7   "mere scintilla" of evidence insufficient to support her conclusion that Dr. Czysz's

8   opinion is inconsistent with the record. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154

9   (2019).

10          Regarding the ALJ's third reason, a claimant's participation in everyday activities

11  indicating capacities that are transferable to a work setting may constitute a specific and

12  legitimate reason for discounting a medical opinion. *See Morgan v. Comm'r Soc. Sec.*

13  *Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

14          Yet, disability claimants should not be penalized for attempting to lead normal

15  lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

16  1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant

17  need not "vegetate in a dark room" in order to be deemed eligible for benefits).

18          Here, the ALJ cited Plaintiff's volunteer work at Clean Start, his ability to interact

19  with other residents where he lives, and his regular interacts with family as inconsistent

20  with Dr. Czysz's opinion that Plaintiff has marked mental limitations. AR 23, 583-86,

21  620, 629, 631. Plaintiff's occasional volunteer work and his ability to engage in basic

22  social interactions are not similar to typical work responsibilities, and cannot serve as a

23

24

25

specific and legitimate reason for discounting Dr. Czysz's opinion. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017).

      C.  <u>Remand for Further Proceedings</u>

      Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 12, pp. 13-14. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

      The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

      Here, the ALJ erred in evaluating Dr. Czysz's opinion. However, there remains significant doubt concerning whether Plaintiff would be disabled even if Dr. Czysz's

1  opinion were credited as true. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir.

2  2014) (courts have the flexibility to remand for further proceedings when the record as a

3  whole creates "serious doubt" as to whether the claimant is disabled within the meaning

4  of the Social Security Act.). Accordingly, remand for further proceedings is the

5  appropriate remedy.

<u>CONCLUSION</u>

7     Based on the foregoing discussion, the Court finds the ALJ erred when she found

8  Plaintiff was not disabled. Defendant's decision to deny benefits is therefore

9  REVERSED and this matter is REMANDED for further administrative proceedings. The

10  ALJ is directed to re-assess the opinion of Dr. Czysz on remand.

Dated this 16th day of November, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge